**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Alfred Christopher Gonzales, | Case No. 2:20-cv-00911-APG-DJA |
| Petitioner, | |
| v. | **Order** |
| Jerry Howell, et al., | |
| Respondents. | |

On May 21, 2020, I denied petitioner Alfred Gonzalez's motion to proceed *in forma pauperis* and directed him to pay the filing fee in order to proceed with his petition for writ of habeas corpus. ECF No. 3.  He has paid the required fee. ECF No. 4.  Thus, his petition and accompanying motion for appointment of counsel will be filed.

Gonzalez challenges the sentence he received under Nevada's habitual criminal statute.  I have reviewed his petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.  As his lone ground for relief, he asks this court to review, for "abuse of discretion," the Nevada courts' denial of his motion for modification of sentence. ECF No. 3 at 3-5.

This court does not have appellate jurisdiction over decisions rendered by a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  A petition for a writ of habeas corpus is available only if a person is being held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).  Habeas relief is not available with respect to claims based solely on

alleged errors in the interpretation or application of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010).  To obtain habeas relief, a petitioner must demonstrate a transgression of federal law binding on the state courts. *Id*.  Thus, if the petitioner's claim is premised merely on an alleged misapplication of state law, he fails to state a cognizable claim for federal habeas relief. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Gonzalez's pleading refers to alleged constitutional violations but fails to identify the operative facts and legal theory upon which the violations are based.  Mere conclusions of violations of federal rights without specific supporting allegations do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995).  Conclusory allegations not supported by facts are subject to dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In its current form, the petition does not state a claim for habeas relief.  However, I will allow Gonzalez to file an amended habeas petition in this court if he so chooses. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (holding that a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).  Gonzalez is cautioned, however, that this court is not able to review any claim for which he has not first exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1).  Moreover, Gonzalez should be aware of statutory restrictions on filing successive habeas petitions. *See* 28 U.S.C. § 2244(b).  These restrictions may preclude Gonzalez from seeking federal habeas relief in the future should this court deny an initial petition.

I THEREFORE ORDER the Clerk to file the petition for writ of habeas corpus and the motion for appointment of counsel.  The Clerk shall refrain from serving the respondents at this time, pending the filing of an amended petition.

I FURTHER ORDER that Gonzalez shall have **until July 24, 2020** to file with the court an amended petition which corrects the deficiency identified in this order.  Gonzalez shall include in that amended petition all additional claims for habeas corpus relief of which he is aware.  If Gonzalez fails to respond to this order in the time and manner provided above, this action will be dismissed without prejudice and closed.

I FURTHER ORDER the Clerk to send Gonzalez a noncapital Section 2254 habeas petition form, one copy of the instructions for the form, and a copy of his initial habeas petition.

I FURTHER ORDER that Gonzalez's motion for appointment of counsel (ECF No. 1-4) is denied without prejudice and may be renewed if and when he files a petition containing a cognizable claim for habeas relief.

Dated: June 22, 2020

_____

U.S. District Judge Andrew P. Gordon