UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Alfred Christopher Gonzales,<br><br>Petitioner,<br><br>v.<br><br>Jerry Howell, et al.,<br><br>Respondents. | Case No. 2:20-cv-00911-APG-DJA<br><br>**Order** |

On June 22, 2020, I entered a screening order informing petitioner Alfred Gonzales that his petition for writ of habeas corpus failed to state a claim for which federal habeas relief may be granted because it raised only a state law challenge to his habitual criminal sentence. ECF No. 5. I gave Gonzales an opportunity to file an amended petition stating a cognizable federal habeas claim. *Id.* On September 11, 2020, Gonzales filed a first amended petition. ECF No. 11.

With his amended petition, Gonzales raises essentially the same challenge to his sentence that he raised in his initial petition: that he was improperly sentenced under Nevada's habitual criminal statute because the trial court did not sentence him on the underlying substantive crime before imposing a habitual criminal enhancement.

"Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (citation omitted). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that such an alleged state sentencing error was "'so arbitrary or capricious as to constitute an independent due process'" violation. *Richmond v.*

*Lewis*, 506 U.S. 40, 50 (1992) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ); *see also Moore v. Chrones*, 687 F.Supp.2d 1005, 1041 (C.D. Cal. 2010) (claim of state sentencing error not cognizable unless error so arbitrary and capricious as to rise to level of due process violation (citing *Richmond*, 506 U.S. at 50)).

The alleged sentencing error asserted in Gonzales's petition involves the interpretation and application of Nevada's sentencing laws and does not raise a federal question. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (petitioner's claim that the state court erred in imposing consecutive sentences was not cognizable in federal habeas); *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993) (defendant's claim that state court was required to merge his convictions was not cognizable); *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (petitioner's claim that the trial court violated state law provision in sentencing him was not cognizable). Also, Gonzales cannot establish federal habeas jurisdiction by merely characterizing the sentencing error as a violation of his federal rights to due process and equal protection of the law, as he does in his amended petition. *See generally Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) (explaining that a federal petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process").

Because the allegations in Gonzales's amended petition do not state a claim for federal habeas relief, this case will be dismissed. *See* Rule 4, Rules Governing Section 2254 Cases; *see also Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

I THEREFORE ORDER that Gonzales's first amended petition for writ of habeas corpus (ECF No. 11) is DISMISSED. The Clerk shall enter judgment accordingly.

I FURTHER ORDER that a certificate of appealability is denied as reasonable jurists would not find dismissal of the petition debatable.

I FURTHER ORDER that Gonzales's motion for appointment of counsel (ECF No. 12) is DENIED as moot.

I FURTHER ORDER that the Clerk shall add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for respondents and ELECTRONICALLY SERVE the amended petition and a copy of this order on the respondents. No response is necessary.

Dated: September 29, 2020

_____
U.S. District Judge Andrew P. Gordon